**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALAN JANASKIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-602C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss this case for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

## INTRODUCTION

Mr. Janaskie's complaint is fatally defective under well-established law. Mr. Janaskie seeks military pay and veterans benefits for disability through a variety of causes of action, apparently including:

(1) Veterans Benefit Statutes. Compl. at 18-19.

(2) Military Pay Statutes. Id. at 19-20

(3) Relief From Actions Under the Uniform Code of Military Justice. Id. at 20.

(4) Breach of Contract. Id. at 20.

(5) Due Process. Id. at 21.

(6) The Takings Clause. Id. at 21.

(7) The Federal Tort Claims Act. Id. at 21.

Most of these claims are poorly defined and inadequately pleaded and, as a result, fail to comply with this Court's basic rule requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." See RCFC 8(a). Nevertheless, it is clear from the face of the complaint that each of plaintiff's asserted theories of liability either falls outside this Court's jurisdiction or fails to state a claim upon which relief can be granted.

The complaint should be dismissed.

## STATEMENT OF THE ISSUE

Does Mr. Janaskie's complaint invoke this Court's jurisdiction or state any claim upon which relief may be granted?

## STATEMENT OF THE CASE

Mr. Janaskie enlisted in the Air Force in 1963.[1] He rose to the rank of senior master sergeant and left the Air Force in 1983. Compl. at 1. He currently receives a 50% pension for retirement after 20 years of service.[2]

During Mr. Janaskie's career in the Air Force, Mr. Janaskie served in the Vietnam conflict. He alleges that he was stationed in Thailand, Japan, and Midway Island, id. at 8, where he worked on planes that he alleges were used to spray the herbicide, Agent Orange, id. at 24-46.

---

[1] With the exception of its elaborate discussion of alleged use of Agent Orange during the Vietnam conflict, the complaint is short on detail. Statements of fact set forth in this statement of the case that are not followed by citations to the complaint are provided as additional background, for the Court's benefit. These facts are not, however, necessary to decide this motion to dismiss.

[2] Mr. Janaskie appears to claim that he was discharged and did not retire from the military. See, e.g., Compl. at 17. Although not material to this motion, our records indicate that Mr. Janaskie retired from the Air Force and has received and continues to receive a retirement pension.

According to the complaint, Mr. Janaskie currently suffers from type II diabetes and myelodysplastic syndrome as a result of his exposure to Agent Orange. Id. at 23.

Mr. Janaskie also claims to have been the subject of unspecified disciplinary proceedings under the Uniform Code of Military Justice ("UCMJ") during his tenure with the Air Force. Compl. at 20, 22-23. Although we can verify that Mr. Janaskie was not discharged under the UCMJ, without more information from Mr. Janaskie we do not know, and cannot verify, whether he was subject to minor, on-base disciplinary actions before his retirement.

Mr. Janaskie correctly alleges that at the time of his retirement, he was not appointed to a disability retirement list. Compl. at 20. Mr. Janaskie has never sought correction of his records and disability retirement from the Air Force Board for Correction of Military Records ("AFBCMR"). See Declaration of Victor R. Donovan (Ex. A).

On July 5, 2004, Mr. Janaskie filed an application seeking veteran's disability benefits in the Los Angeles regional office ("RO") of the Department of Veterans Affairs, based on his alleged exposure to Agent Orange. The RO denied Mr. Janaksie's claim, and Mr. Janaskie sought review in the Board of Veterans Appeals. Mr. Janaskie's petition for review, docketed under his social security number, is currently pending before the board.

On August 23, 2006, Mr. Janaskie filed a complaint in this Court. Mr. Janaskie seeks $1.8 million in relief from the United States to account for veterans disability payments and military retirement benefits that he claims he should have received. Id. at 47. Mr. Janaskie's complaint appears to state a number of grounds for relief, including:

(1) Veterans Benefit Statutes. Id. at 18-19.

(2) Military Pay Statutes. Id. at 19-20

(3) Relief From Actions Under the Uniform Code of Military Justice. Id. at 20.

(4) Breach of Contract. Id. at 20.

(5) Due Process. Id. at 21.

(6) The Takings Clause. Id. at 21.

(7) The Federal Tort Claims Act. Id. at 21.

The bulk of the complaint is devoted to proving that the United States used Agent Orange outside of Vietnam. See, e.g. id. at 24-46.

## ARGUMENT

### I. Standard of Review

In resolving a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, this Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The Court will grant a motion only when it is clear that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. Hall v. United States, -- Fed. Cl. –, No. 05-517C, 2006 WL 3093979 (Oct. 31, 2006); Holland v. United States, 59 Fed. Cl. 735, 738 (2004).

This Court – like any other court – possesses no jurisdiction to hear claims against the United States absent a waiver of sovereign immunity. Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990). Such a waiver must be "explicit and [will be] strictly construed." Id. When a defendant has challenged the Court's subject-matter jurisdiction, the plaintiff bears the burden of establishing it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Hall, 2006 WL 3093979, at *2.

## II. Plaintiff's Complaint Should Be Dismissed

Even taking plaintiff's allegations as true, each of plaintiff's claims in this case should be dismissed on the ground that the Court lacks subject-matter jurisdiction and/or plaintiff has failed to state a claim upon which relief may be granted.

### A. Veterans Benefits

Plaintiff asks this Court to overturn the Department of Veterans Affairs' ("VA") decision to deny him disability benefits. It is well-established, however, that this Court – like most other courts – is explicitly precluded from reviewing the VA's decisions by operation of 38 U.S.C. § 511. That section provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [exceptions not applicable here], the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court.

By statute, the "exclusive" avenue for Mr. Janaskie to seek review of a decision of a VA regional office, is through the Board of Veterans' Appeals, followed by appeal to the United States Court of Appeals for Veterans Claims, and finally appeal to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7104(a) ("All questions [decided under section 511] shall be subject to one review on appeal to the Secretary [acting through] . . . the Board [of Veterans' Appeals]."); 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.") (emphasis added); 7292(c) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review [decisions of the Court of Appeals for Veterans Claims]") (emphasis added).

This Court has repeatedly held that, under these statutes, it lacks jurisdiction to review a plaintiff's claim for veterans' benefits. See, e.g., Ferreiro v. United States, 72 Fed. Cl. 1, 6 (2006) ("This court does not have jurisdiction to award veterans benefits."); Carlisle v. United States, 66 Fed. Cl. 627, 633-34 (2005); Van Allen v. United States, 66 Fed. Cl. 294, 296 (2005) ("Claims for veterans' benefits are not within the jurisdiction of the Court of Federal Claims."). Accordingly, Mr. Janaksie's claim for veterans benefits should be dismissed for lack of subject-matter jurisdiction.

B. Military Pay

Mr. Janaskie also seeks from this Court an order awarding him disability retirement and special disability compensation from the Air Force. Compl. at 19-20. As noted above, Mr. Janaskie was not appointed to a disability list at the time he left the Air Force in 1983. Because he has not subsequently sought disability retirement from the Air Force Board of Corrections of Military Records ("AFBCMR"), Mr. Janaskie has not yet accrued a claim that may be brought in this Court, and this Court lacks jurisdiction.

In Chambers v. United States, 417 F.3d 1218 (Fed. Cir. 2005), cert. denied, 126 S. Ct. 807 (2005), the Federal Circuit made clear that this Court does not acquire jurisdiction over a claim for military disability retirement until the plaintiff has first sought review from a competent military medical board. The court stated: "[T]he Court of Federal Claims has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance." Id. at 1225. Since, as in Chambers, Mr. Janaskie was apparently not examined by a physical evaluation board to determine disability at the time of his discharge, Mr. Janaskie must seek correction from the AFBCMR before bringing

suit in this Court.[3] Id. Accordingly, Mr. Janaskie's military pay claim should be dismissed because this Court, at the moment, lacks jurisdiction over it.

C. Uniform Code of Military Justice

Mr. Janaskie's complaint refers vaguely to unspecified "adverse personnel action[s]" and "adverse action[s]" taken under the Uniform Code of Military Justice ("UCMJ"), while Mr. Janaskie was in active service. Compl. 19-20. Whatever these actions, if any, may have been,[4] this Court clearly lacks jurisdiction because they are time-barred. 28 U.S.C. § 2501; Hart, 910 F.2d at 817.

Any claims Mr. Janaskie has for actions taken against him under the UCMJ would have accrued at the time of those actions – "when all the events . . . occurred which fix the liability of the government." Hart, 910 F.2d at 817 (quoting Kinsey v. United States, 852 F.2d 556, 557 (Fed. Cir. 1988) (quoting Oceanic Steamship Co v. United States, 165 Ct. Cl. 217, 225 (1964))). These alleged adverse actions would have had to occur in 1983 or earlier – far more than six years from the August 23, 2006 filing of Mr. Janaskie's complaint in this Court. Accordingly, the Court has no jurisdiction over Mr. Janaskie's claim.

---

[3] On the other hand, if Mr. Janaskie's disability had been considered at the time of his discharge, his claim for disability retirement would be barred by the six-year statute of limitations. See 28 U.S.C. § 2501.

[4] Our review of Mr. Janaskie's records does not reveal any courts-martial or other adverse personnel actions taken against Mr. Janaskie during his service. While there may have been minor actions taken on the bases to which Mr. Janaskie was assigned that are not reflected in available records, Mr. Janaskie has identified none specifically.

D. Contract/Guaranty

Mr. Janaskie also alleges that the Government is liable to him in contract as "guarantor" of the benefits to which he is allegedly entitled. Compl. at 20. Mr. Janaskie's complaint, however, fails to state a claim upon which relief may be granted. It is well-established, as a matter of law, that claims for military pay and benefits are governed by statute, not by contract. Schism v. United States, 316 F.3d 1259, 1264 (Fed. Cir. 2002) ("[U]nder long-standing Supreme Court precedent ' common-law rules governing private contracts have no place in the area of military pay.'") (quoting Bell v. United States, 366 U.S. 393, 401 (1961)). Thus, Mr. Janaskie's contract claim should be dismissed.

E. Due Process

It is unclear whether Mr. Janaskie intends to bring a separate claim for violation of his due process rights, see Compl. at 21, but assuming that he does, this Court clearly lacks jurisdiction over such claims, and they should be dismissed. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

F. Takings Clause

Mr. Janaskie also argues that the government has "taken" his disability and retirement benefits without just compensation in violation of the Fifth Amendment. Compl. at 21. Mr. Janaskie's takings claim is merely an attempt to circumvent the established procedures for resolving veterans benefits and military pay claims, and should be rejected. See, e.g., Clifton v. Schafer, 969 F.2d 278, 283 (7th Cir. 1992) (rejecting attempt by welfare beneficiary to circumvent other law by recasting claim as a takings claim).

The Federal Circuit has expressly and repeatedly ruled that a Government employee's entitlement to pay or benefits under a particular statute does not create a property interest upon which a takings claim may be predicated. Adams v. United States, 391 F.3d 1212, 1225 (Fed. Cir. 2004) ("[W]e conclude that a statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings Clause."); Schism v. United States, 316 F.3d 1259, 1268 (Fed. Cir. 2002) ("Benefits for retired military personnel . . . . depend upon an exercise of legislative grace, not upon principles of contract, property, or 'takings' law.").

This is consistent with the general rule that the simple denial of benefits by a regulatory agency charged with implementing benefits statutes does not constitute a Fifth Amendment "taking." In Mobin v. United States, 22 Cl. Ct. 331 (1991), for example, the United States Claims Court found that it possessed no jurisdiction over a takings claim where the plaintiff claimed that his termination from civilian service in the Air Force constituted a taking. The Court held that since "plaintiff's removal . . did not involve a taking of [a] property interest for public use, but rather merely involved an implementation of the very statutes and procedures that defined the scope of plaintiff's property interest in the first place." Id. at 335. Similarly, in Escoe v. Shalala, 842 F. Supp. 646, 652 (N.D.N.Y), aff'd, 41 F.3d 1500 (2d Cir. 1994) (table), the court rejected a plaintiff's takings claim arising from the Social Security Administration's ("SSA") reduction of his social security benefits because "the SSA . . . directly implements the benefit program established by Congress" and therefore "[t]here is no compensable property interest which has been 'taken.'" Id.

Mr. Janaskie's complaint fails to state a claim under the Takings Clause.

F. Federal Tort Claims Act

Finally, although it is far from clear, parts of Mr. Janaskie's complaint suggest that he is alleging tort claims against the United States. See Compl. at 21 (citing the Federal Tort claims Act). There is no question that this Court does not have subject-matter jurisdiction over tort claims, and any such claims should be dismissed. 28 U.S.C. § 1491(a)(1) (limiting jurisdiction to claims "not sounding in tort").

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

December 22, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 22, 2006, copies of the foregoing "DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED" and the "DECLARATION OF VICTOR R. DONOVAN" were filed electronically. Parties may access this filing through the Court's electronic filing system.

s/ Brian T. Edmunds