IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALAN JANASKIE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 06-602c |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

## INTRODUCTION

Mr. Janaskie's response to our motion to dismiss fails to address the jurisdictional and substantive defects in his complaint. Instead, Mr. Janaskie responds with a story unsupported by fact. Contary to Mr. Janaskie's assertions, Mr. Janaskie voluntarily retired from the Air Force after twenty years of service – based upon length of service – and receives a full retirement check from the Air Force based upon his voluntary retirement. See Decl. of William Tyminski (Ex. A); Decl. of Christine B. Saalbach (Ex. B); DD-214 (Ex. C). Further, contrary to Mr. Janaskie's vague allegations that he was denied a medical board at retirement, investigation of his records reveals that he received a physical prior to retirement that determined him to be fit for duty and in "good health." Report of Medical Examination (Ex. D.). There is no evidence that Mr. Janaksie requested a physical evaluation board at retirement or that he was identified as having a physical disability, and careful parsing of his vague suggestions that he was "denied"

such a board, raised for the first time in his response to our motion to dismiss, reveals that Mr. Janaskie does not allege that he sought such a board.[1]

In his response, Mr. Janaskie primarily addresses his claim for military disability retirement as a basis for this Court's jurisdiction. As we demonstrated in our initial brief, however, if – as is indicated by our review of his record – he was not denied a "discharge board" at the time of his retirement, his claim is premature because he has not first sought correction from the Air Force Board for Correction of Military Records ("AFBCMR"). Conversely, if Mr. Janaskie was, as he claims, "denied" a retirement board on his retirement 24 years ago, any claim is necessarily barred by the six-year statute of limitations. Accordingly, while this Court, to be sure, often possesses jurisdiction to resolve Military disability claims, it does not possess jurisdiction over Mr. Janaskie's claim, which is either premature or, under Mr. Janaskie's own arguments, untimely.

To the extent Mr. Janaskie's response reasserts the other claims in his complaint – under the Administrative Procedure Act ("APA"), veterans' benefits statutes, due process, the takings clause, and tort law – he fails to demonstrate this Court's jurisdiction because it is well established that such claims are outside this Court's jurisdiction.

Mr. Janaskie's his complaint should be dismissed.

---

[1] Indeed, there is also no indication that Mr. Janaskie would have been entitled to such a board. Mr. Janaskie makes no claim that at the time of his voluntary retirement for years of service he suffered any illness or physical disability related to his military service. His allegation of exposure to agent orange does not amount to a claim that he suffered a physical disability at the time of his retirement.

## ARGUMENT

I. This Court Lacks Jurisdiction Over Mr. Janaskie's Military Disability Claim Because It Is Either Premature Or Time-Barred

As we demonstrated in our initial brief, the United States Court of Appeals for the Federal Circuit has squarely held that, "[w]here the claimant 'has not sought a Retiring Board, his claim does not accrue until final action by the Correction Board.'" Chambers v. United States, 417 F.3d 1218, 1225 (Fed. Cir. 2005) (emphasis added) (citing Friedman v. United States, 310 F.2d 381, 396 (Ct. Cl. 1962)). Thus, although there is no question that this Court generally possesses subject-matter jurisdiction over timely complaints pursuant to the military disability retirement statute, 10 U.S.C. § 1201; Fisher v. United States, 402 F.3d 1167, 1174-76 (Fed. Cir. 2005), it possesses no jurisdiction over premature or untimely ones. Chambers v. United States, 417 F.3d at 1225 ("[T]he Court of Federal Claims has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance.").[2]

Nowhere in his complaint does Mr. Janaskie allege that he sought a medical board at his retirement and, although his response skirts an assertion that he did seek one,[3] careful parsing of

---

[2] Mr. Janaskie quotes Fisher at length in his brief. We do not challenge the holding in Fisher that this Court generally possesses jurisdiction over claims under 10 U.S.C. § 1201. The appellate court's later decision in Chambers, however, conditions the jurisdiction recognized in Fisher and is controlling here.

[3] Mr. Janaskie argues, for example, that "[d]efendant . . . totally den[ied]" Mr. Janaskie the right to claim disability because of the "[p]resumptive test" established against agent orange manufacturers in the settlement of tort litigation in the United States District Court for the Eastern District of New York. Of course, Mr. Janaskie alleges that the presumptive test was created in 1984, after Mr. Janaskie's 1983 retirement. It therefore could not have resulted in denial of a retirement medical board. Pls. Opp. To Defs. Mot. To Dismiss ("Pls. Br."), at 3, 16.

his response reveals that he properly avoided such an allegation that he sought a retirement medical board.[4] However, Mr. Janaskie would be in an even worse position if he had sought and been denied such a board, because under Chambers "if, at the time of discharge, the service member requested review by an appropriate board and the request was denied, or if the board heard the service member's claim and denied it, then the [six-year] limitations period begins to run upon discharge." Id. at 1225.[5] Mr. Janaskie would then be forever barred from seeking relief from either this Court or the AFBCMR.[6]

## II. As We Demonstrated In Our Initial Motion, The Court Lacks Jurisdiction Over Or Cannot Grant Relief Upon Mr. Janaskie's Other Claims

Ignoring our initial motion, Mr. Janaskie rehashes his assertions that this Court possesses jurisdiction to review veterans' benefits matters, to review administrative actions pursuant to the APA, and to review tort and non-money-mandating due process claims. Pls. Br. at 1, 19-25. Mr. Janaskie also invokes, for the first time, this Court's Tucker Act bid protest jurisdiction – which clearly does not apply. Pls. Br. at 25-27.

It is firmly established that this Court lacks jurisdiction in tort, and under the due process clause. See Defs. Mot. at 8. It is equally firmly established that the proper forum for an APA

---

[4] Mr. Janaskie's claim that he has subsequently been denied due process in remedying his claim is simply false. Pls. Br. at 17. He has not sought AFBCMR review. Relatedly, he has not exhausted his remedies with the Department of Veterans Affairs, the United States Court of Appeals for Veterans Claims, or the United States Court of Appeals for the Federal Circuit.

[5] Mr. Janaskie argues that, to the extent he was denied a retirement board, the statute of limitations has not expired because he was unaware of the use of agent orange. Pls. Br. at 19. If, however, Mr. Janaskie sought and was refused a retirement board, he necessarily was aware of any alleged disability. Also, Mr. Janaksie has cited documents in support of his claim that were released more than six years before he filed this action.

[6] For the same reasons, Mr. Janaskie's claim for special compensation, assuming it had merit, fails. Pet. Br. at 27. Mr. Janaskie has not pursued that claim in the AFBCMR.

claim lies in the district courts, not this Court. Samish Indian Nation v. United States, 419 F.3d 1355, 1373 (Fed. Cir. 2005); Lion Raisins, Inc. v. United States, 416 F.3d 1336, 1370 n.11 (Fed. Cir. 2005). Additionally, it is firmly established that this Court lacks jurisdiction to hear claims involving veterans benefits. Defs. Mot. at 5-6. Mr. Janaskie's excursus into the alleged failings of the Department of Veterans Affairs ("DVA") are irrelevant; if he believes he is aggrieved by a decision of the DVA, he may ultimately seek relief from the Court of Appeals for Veterans Claims and from this Court's reviewing court, the United States Court of Appeals for the Federal Circuit.

Finally, Mr. Janaskie reasserts his Fifth Amendment taking claim. As we discussed in our initial motion, however, Mr. Janaskie cannot state a claim that the Government has "taken" his benefits to circumvent the limits upon this Court's jurisdiction. Defs. Mot. at 8. Similarly, Mr. Janaskie's "contract" claim, which he does not appear to attempt to revive in his response except to the extent he attempts to invoke this Court's bid protest jurisdiction, fails for the same reasons. See id.

## CONCLUSION

Mr. Janaskie's response cures none of the flaws of his complaint and states no claim over which this Court has jurisdiction or may grant relief. The Court should therefore grant the motion to dismiss.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Brian.Edmunds@usdoj.gov
Tel: (202) 616-8253
Fax: (202) 309-0972

July 11, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 11, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED" was filed electronically. Parties may access this filing through the Court's electronic filing system.

s/ Brian T. Edmunds