**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALAN JANASKIE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-602C<br>(Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFF'S REQUEST FOR RECONSIDERATION REGARDING THE DENIAL FOR EXTENSION FOR PLAINTIFF TO RESPOND.

Plaintiff has requested an extension of time so that the claims of Defendant and copies of files sent to this court will be seen as incomplete at best, or an attempt to deceive this court at worst. Given that the extension was denied today 7/30/07, Plaintiff is making a request for reconsideration regarding the denial based on the following arguments.

Amazingly, Defendant's counsel has conveyed to this court that Plaintiff never applied for disability benefits, other than Gout. This statement is either to be seen as so far from the truth as to invite sanctions from this court, or just another one of the many deviations Defendant has had from the truth in dealing with the Agent Orange issues.

As point of fact, Plaintiff applied for disability benefits for Agent Orange related illnesses, and was advised that his illnesses had not been recognized as Agent Orange related, despite the fact those illnesses were in the VA handbook. Amazingly, despite this fact being included in the Petition, Defendant asserted to this court no such request has ever been made. An error or a known false statement by Defendant's Counsel? This document, and Bate Stamps 9-11 will also show an accommodation for the spraying of Agent Orange out of Udorn Thailand, a fact that if disclosed voluntarily earlier by Defendant, Plaintiff would never have been denied benefits in the first place.

1. On May 15, 1986 Defendant acknowledges Plaintiff's request for benefits. Bate stamp 1.
2. On July 14. 1986 Defendant denies disability benefits for both Diabetes Mellitus and gout in the Left Foot. Bate Stamp 2
3. On April 17, 1987 the VA advised Plaintiff they had received a Notice of Disagreement. Bate Stamp 3
4. The Statement of the Case, page three of the attached Exhibit shows the issue Service Connection for Diabetes mellitus and gout. Bate Stamp 6.
5. The claim was that Diabetes had not occurred within one year of the separation, despite the fact that Diabetes was discovered in October 1984, and that the burden of proof was on Plaintiff.

a. Note that the separation date was January 31, 1984 and the discovery of the Diabetes was within 10 months, therefore the claim of not being discovered within 12 months is proven to be false.

b. Also note that Diabetes became added to the Agent Orange symptom list in 2000,

c. Congress deemed Thailand inside the combat zone in 1992.

6. Bate Stamp 8 shows Plaintiff mailed a reply on Autust 14, 1987.

7. The 2006 Haas v. Nicholson case, shows that Defendant improperly changed the boundaries for in service, to limit recovery only to those whom had actually served in Vietnam. The Agent Orange rules prior to Haas, required the proof of Agent Orange related illnesses upon the service member who served out of Vietnam, while those who served in Vietnam who came down with the same illness, were presumed to have been victims of Agent Orange, and subject to compensation. "In some circumstances, a disease associated with exposure to certain herbicide agents will be presumed to have been incurred in service even though there is no evidence of that disease during the period of service at issue. 38 U.S.C.A. § 1116(a) (West 2002); 38 C.F.R. §§ 3.307(a)(6), 3.309(e) (2004). In this regard, a veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam era shall be presumed to have been exposed during such service to a herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(a)(3)."

a. With the Haas case in 2006, the service member such as Plaintiff should not be required to have a different standard of review than those who served in Vietnam, since Plaintiff served in Thailand and earned a Vietnam service medal, as such Defendant should presume that in fact Agent Orange was used in Thailand.

b. Absent the presumption the United States Court of Appeals for the Federal Circuit has determined that a claimant is not precluded from establishing service connection with proof of direct causation. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994); see also 38 C.F.R. § 3.303(d). In order to prevail with regard to the issue of service connection on the merits, "there must be medical evidence of a current disability, see Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992); medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the

benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2002); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

c. Plaintiff has in the Petition shown that other grants of Agent Orange benefits have been made for both the same base, as well as other basis in Thailand. By the granting of such benefits for substantially the same time, for the same base by various Courts satisfies the burden that in fact Agent Orange was used in Udorn Thailand.

d. The later adding of Diabetes as Agent Orange related in the year 2000, and Congress recognizing Thailand was inside the combat zone in 1992, combined with Haas changing of burden satisfies prima facia that Defendant should have reopened up Plaintiff's case on their own since the initial denial was in error, Plaintiff's injury is clearly associated with Agent Orange, Plaintiff served in a covered area and the burden initially placed on Plaintiff no longer should remain on him.

8. The following document shows that the denial of benefits, based on claimed lack of an encounter with Agent Orange, and lack of service connection was in error. This is proven via a letter of accommodation for the spraying of Agent Orange, via the Ranch Hand project, out of Udorn Thailand, during Petitioner's stay in the military.

9. Col. Bevan writes in a letter of Commendation to, " Lt Col. David E Stockton, FR52210, (service #) commanded a flight from 12th Special Operations Squadron which operated from UDORN RTAFB during the period of 29 Dec 68 through 2 Jan 69. The

Ranch Hands functioned as a smooth, completely integrated team manifesting cooperation and a espirt de crops which was noted by all who work with them. " Bate Stamp 9-11.

Respectfully submitted,
7/30/06

s/Jeffrey Moffatt
Attorney for Plaintiffs
Law Office of Jeffrey D. Moffatt
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
Tel: 661 9456121
Fax: 661 9453019
Jeffreymbajd@hotmail.com

CERTIFICATE OF FILING

I hereby certify that on July 30, 2007, a copy of the foregoing " Plaintiff's Motion For Reconsideration for An Enlargement of Time For Responding to Defendant's Motion" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.