**Veterans Administration**

11000 Wilshire Blvd.
Los Angeles CA 90024

May 15, 1986

IN REPLY REFER TO: 21/24

FILE NUMBER:

ALAN H JANASKIE
21681 BANCROFT DR
CALIFORNIA CITY CA 93505

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/00
A H JANAS

This is just to let you know that we have received your application for benefits. There is no need for you to take any additional action at this time. However, if you find it necessary to contact us, be sure to indicate YOUR file number and name.

Veterans Administration

★ U.S. GOVERNMENT PRINTING OFFICE: 1986—491-

VA FORM
AUG 1979 21-8332-1

000001

PLAINTIFF'S EXHIBIT ~~000000~~

Veterans Administration
11000 Wilshire Blvd.
Los Angeles CA 90024

July 14, 1986

IN REPLY REFER TO: 21/24

ALAN H JANASKI
21631 BANCROFT DR
CALIFORNIA CITY CA 93505

FILE NUMBER:
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/00
A H JANAS

We cannot grant your claim for disability benefits.

The evidence does not establish service connection for the following:
DIABETES MELLITUS
GOUT LEFT FOOT

VETERANS ADMINISTRATION

IMPORTANT—SEE REVERSE FOR PROCEDURAL AND APPELLATE RIGHTS
KEEP THIS LETTER FOR FUTURE REFERENCE

VA FORM SEP 1984 20-8332a-1



PLAINTIFF'S EXHIBIT

**Regional Office**

Federal Building
11000 Wilshire Blvd.
Los Angeles CA 90024

**Veterans Administration**

APR 17 1987

In Reply Refer To:

344/11
CSS 165 34 2201

Mr. Alan H. Janaskie
21681 Bancroft Drive
California City, CA 93505

Dear Mr. Janaskie:

You have filed what the law calls a "Notice of Disagreement" with our action on your claim, the first step in appealing to the Board of Veterans Appeals. This letter and attachments give you very important information. Please read them carefully.

By law we are required to send you the attached "Statement of the Case" so that you can make the best possible argument to the Board of Veterans Appeals as to why you think our ruling should be changed. This is not a decision on your appeal but an explanation of what was done here.

Your argument or "Substantive Appeal" should be set out on the attached VA Form 1-9. If there is anything you do not understand about the instructions on the form, we will gladly explain. The important things are to say, in your own words, what benefit you want, what facts in the statement you disagree with, and any error you believe we made in applying the law. The facts stated are especially important since we will assume you agree with any statement of fact to which you take no exception.

When the form is returned to us, your case will be sent to the Board of Veterans Appeals in Washington for a decision. The Board of Veterans Appeal will base its decision on an independent review of the entire record.

If we do not hear from you in 60 days, we will assume you do not intend to complete your appeal and we will close our record. If you require more time, please let us know within 60 days.

Sincerely yours,

VETERANS ADMINISTRATION

Enclosures

FL 1-25
Feb 1980(RS)

000003

PLAINTIFF'S EXHIBIT 1

Veterans Administration
REGIONAL OFFICE
LOS ANGELES, CALIFORNIA

Date: APR 1 7 1987
CSS 165 34 2201
JANASKIE, Alan H.

# STATEMENT OF THE CASE

IN THE APPEAL
OF

Alan H. Janaskie

FROM THE DECISION OF THE
VETERANS ADMINISTRATION

**NOTICE TO APPELLANT:**

This is not a decision on the appeal you have initiated. It is a "Statement of the Case" which the law requires us to furnish to help you in completing your appeal.

Please read the forwarding letter carefully, as well as the instructions on the enclosed appeal form. These explain your appeal rights and tell you what you must do to complete your appeal.

~~A copy of this "Statement of the Case" has been furnished your representative.~~

**ISSUE:**

Service connection for diabetes mellitus and gout.

11/21 030:tgf

FL 1-25A, FEB 1980(R)

000004

PLAINTIFF'S EXHIBIT 3

CSS 165 34 2201

SUMMARY OF EVIDENCE:

SERVICE SUMMARY

| | |
|---|---|
| Service: | January 15, 1963 to January 31, 1983 |
| | Date of birth. April 20, 1944 |
| | OTHER EVIDENCE AND ADJUDICATION ACTIONS |
| April 15, 1986 | An original claim was received. |
| July 8, 1986 | A Rating Board reviewed all evidence of record including the service medical records; the United States Airforce outpatient treatment reports covering the period January 4, 1984, through December 31, 1984; and the VA examination of May 20, 1986. The service medical records were reviewed and found to be negative for diabetes mellitus. The United States Airforce outpatient treatment reports show the first signs of diabetes mellitus (elevated blood sugar) as being in October of 1984 on an insurance examination. The VA examination did confirm the diagnosis of diabetes mellitus. Service connection for diabetes mellitus was denied as not incurred in service or shown to a compensable degree within one year of separation from service (January 31, 1984).<br><br>The service medical records were reviewed and showed that on December 11, 1982, the veteran complained of a painful left foot and was diagnosed with gout. However, there were no residuals show at separation from service or on the VA examination. Hence, service connection was denied as the gout in service was acute and transitory in nature and there was no showing of any current disability from it. |
| July 14, 1986 | Notice was sent to the veteran. |
| January 12, 1987 | A notice of disagreement was received. |

PERTINENT LAWS AND REGULATIONS:

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. (38 CFR 3.1(K))



000005

PLAINTIFF'S EXHIBIT

CSS 165 34 2201

Where a veteran served ninety (90) days or more during a period of war or on or after January 1, 1947, and diabetes mellitus becomes manifest to a degree of ten percent (10%) within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary (38 CFR 3.307)

If an acute or transient disability or injury is incurred in military service and when the facts of chronicity in service are not adequately supported, then a showing of continuity after discharge is required to support the claim. (38 CFR 3.303)

With chronic disease shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date however removed, are service connected unless clearly attributable to intercurrent causes. For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or diagnosis including the word "chronic". When the disease identity is established there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. (38 CFR 3.303(B))

When a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. A reasonable doubt means a substantial doubt and one within the range of probability as distinguished from speculation or remote possibility. (38 CFR 3.102)

DECISION:

Service connection for diabetes mellitus and gout was denied.

REASONS FOR DECISION:

Since there are no official records of diabetes mellitus being noted, claimed, treated or diagnosed during service or at time of discharge and there is no evidence of manifestation of diabetes mellitus by approved method during the regulatory period following discharge from service to a degree of at least 10%, there is no basis for the granting of service connection.

Chronicity of residuals for gout was not established in service nor has there been continuity of medical treatment since release from active duty. Accordingly, there is no basis to substantiate a claim of service connection.



000006

PLAINTIFF'S EXHIBIT

CSS 165 34 2201

The Board considered the doctrine of resolution of all reasonable doubt in favor of the veteran, but finds that such doubt does not exist in this case.

ALAN H JANASKIE
21581 BANCROFT DR
CALIFORNIA CITY CA 93505

AUG 14, 1987
IN REPLY TO:
CSS 165 34 2201

VETERANS ADMINISTRATION
11000 WILSHIRE BLVD
LOS ANGELES, CA. 90024

As a veteran I am appalled by the VETERANS ADINISTRATION decision in my case of DIABETES MELLITUS. I have no positive date in which my blood sugar elevated to the point of signs of diabetes. This could have been before (Janauary 31, 1984) date of my one year of separation from the AIR FORCE.

All, I care about is I put 20 years of active duty with no medical problems and when I claim that the service has a respondibility to myself for diatbetes because for the rest of my life I must take medication. I feel that the Veterans Administration is unfair in my case and are infringing on my entitlements as a veteran.

Alan H Janaskie



PLAINTIFF'S EXHIBIT

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS 432ND TACTICAL RECONNAISSANCE WING (PACAF)
APO SAN FRANCISCO 96237

REPLY TO
ATTN OF: C

3 Jan 1969

SUBJECT: Letter of Commendation

TO: 315 Air Commando Wing (C)
APO 96321

1. Lt Colonel David E. Stockton, FR52210, commanded a flight from the 12th Special Operations Squadron which operated from Udorn RTAFB during the period 29 Dec 68 through 2 Jan 69. I am extremely impressed with the professionalism displayed by Lt Colonel Stockton and his men in the conduct of their special mission. Lt Colonel Stockton exhibited outstanding leadership and the missions were throughly planned and effectively executed. The "Ranch Hands" functioned as a smooth, completely integrated team manifesting cooperation and an esprit de corps which was noted by all who worked with them. The expert management of all necessary equipment and the professional flying ability demonstrated by these men contributed immeasurable to the highly successful completion of their mission.

2. I wish to express my appreciation and gratitude to Lt Colonel Stockton and his men for "a job well done". Your expert performance of duty has inspired all of us.

Wendell L Bevan Jr

WENDELL L. BEVAN, JR, Colonel, USAF
Commander

Cy: 3 TFW (C)
APO 96227

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS 315TH SPECIAL OPERATIONS WING (PACAF)
APO SAN FRANCISCO 96321

REPLY TO
ATTN OF: C

9 Jan 1969

SUBJECT: Letter of Commendation

TO: 12th Sp Ops Sq (C)

1. I am very pleased to forward the attached letter praising Lt Colonel David E. Stockton and his flight for their special operation conducted from Udorn RTAFB from 29 Dec 68 through 2 Jan 69.

2. This highly professional performance has efficiently contributed to the Air Force mission in SEA, and it has added another page in the book of air doctrine which the Ranch Hands are writing so splendidly.

3. Please convey my personal appreciation to Lt Colonel Stockton and the other members of the flight for this fine performance of duty.

John W. Pauly

JOHN W. PAULY, Colonel, USAF
Commander

1 Atch
432TFW (C) Ltr,
dtd 3 Jan 69

DEPARTMENT OF THE AIR FORCE
12TH SPECIAL OPERATIONS SQUADRON (PACAF)
APO SAN FRANCISCO 96227

REPLY TO
ATTN OF: C

13 January 1969

SUBJECT: Letter of Commendation

TO: Airman First Class [illegible]

1. I think you all must know my sincere pleasure in forwarding the attached letters to you.

2. Your efforts, bravery, and superior performance have covered the Ranch with glory.

3. A copy of this letter will remain on file at my office and appropriate remarks will be included in your next OER or APR as appropriate.

Rex K. Stoner Jr

REX K. STONER JR., Lt Colonel, USAF
Commander

2 Atch
1. Ltr, 432TRW(C), 3 Jan 69
2. Ltr, 315SOW(C), 9 Jan 69