# In the United States Court of Federal Claims

**(No. 06-602C)**
**(Filed: July 31, 2007)**

* * * * * * * * * * * * * * * * * * * * * * *

**ALAN JANASKIE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * *

**Subject Matter Jurisdiction; Failure to State a Claim Upon on Which Relief Can Be Granted; Responsible Advocacy; RCFC 83.2.**

Jeffrey Dean Moffatt, 43625 North Sierra Highway, Suite A, Lancaster, CA 93534, for Plaintiff.

Brian T. Edmunds, U. S. Department of Justice, Civil Litigation Branch 1100 L Street, NW, Washington, D.C. 20530, for Defendant.

---

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

---

**WILLIAMS**, Judge

Plaintiff, a retired United States Air Force senior master sergeant, claims that he was exposed to a defoliating chemical known as Agent Orange while maintaining Air Force planes during the Vietnam War. Further, Plaintiff alleges that the exposure forced him to retire prematurely in 1983, and caused him to contract diabetes, myeldysplastic syndrome, and blindness. Specifically, Plaintiff seeks $1,800,000 in veterans benefits, disability retirement and special disability compensation, and compensation for violations of the Uniform Code of Military Justice (UCMJ), breach of contract, due process violations, a Fifth Amendment taking, and a federal tort claim.

None of Plaintiff's claims are actionable in this Court. This Court lacks jurisdiction over Plaintiff's claims for veterans benefits as the governing statutory scheme establishes a detailed multi-tiered procedure for other fora to review such claims. This Court does not have jurisdiction over

Plaintiff's claims for disability retirement benefits and compensation at this juncture because Plaintiff has not requested a correction of his record from the Air Force Board for Correction of Military Records (AFBCMR). This Court does not have jurisdiction over due process or tort claims.

Plaintiff has failed to state a claim for which relief can be granted for violations of the Uniform Code of Military Justice because Plaintiff has not cited any provision of the UCMJ which he claims was violated or articulated any facts in support of such a claim. Additionally, in claiming that the government is liable as a guarantor for his retirement benefits, Plaintiff has failed to state a claim for which relief can be granted for breach of contract. The relationship between a servicemember and the government is not a contractual relationship, but is instead defined by statute. Finally, Plaintiff has failed to state a claim for which relief can be granted for a Fifth Amendment taking because Plaintiff's claimed retirement and disability benefits are not cognizable property interests. As such, this action is dismissed.

Further, because this is the fifth action in this Court in which Plaintiff's counsel has submitted filings which contain numerous errors and exhibit a fundamental misunderstanding of this Court's jurisdiction, this Court is referring this matter to the Chief Judge pursuant to Rule 83.2(d).[1]

## Background[2]

Plaintiff is a retired United States Air Force senior master sergeant. Compl. ¶ 1. Plaintiff enlisted in the Air Force in 1963 and voluntarily retired from the Air Force in 1983 after 20 years of service. Compl. ¶ 1; Def.'s Mot. to Dismiss at 2, Def. Reply at 1. When Plaintiff served in the Vietnam War he was stationed in Thailand, Japan, and Midway Island. Compl. ¶ 12. Plaintiff's military speciality was aircraft maintenance. Plaintiff alleges that the airplanes on which he worked contained barrels of Agent Orange.[3] Compl. ¶ ¶ 52-98. Plaintiff claims that his exposure to Agent Orange during the war caused his Type II diabetes and myeldysplastic syndrome. Compl. ¶ 49.

Plaintiff further alleges that adverse actions were taken against him under the Uniform Code

---

[1] See, Locke v. United States, No. 06-629T (Fed. Cl. July 10, 2007); Leshin v. United States, No. 06-637T (Fed. Cl. Jan. 11, 2006); Cherbanaeff v. United States, No. 06-640T (Fed. Cl. July 12, 2007) and Pope v. United States, No. 06-446C (July 31, 2007). By the Rule 83.2 referral, this Court brings the deficient filings in these five cases to the attention of the Chief Judge of this Court, so that he may consider whether any action is appropriate.

[2] This background is derived from Plaintiff's Complaint, Defendant's Motion to Dismiss, and Plaintiff's Opposition to Defendant's Motion to Dismiss. The Court does not make findings of fact.

[3] Agent Orange was an herbicide widely used during the Vietnam War to defoliate plants. Compl. ¶ 65. Agent Orange releases a toxic dioxin known as 2, 3, 7, 8-TCDD. Compl. ¶¶ 85, 92.

of Military Justice (UCMJ).[4] Compl. ¶¶ 37, 39, 46-48. Other than an allusion to a "sham non-judicial/administrative proceeding," the complaint does not articulate what violations were committed against Plaintiff under the UCMJ. Compl. ¶¶ 46-48.

Plaintiff has never been placed on a disability retirement list. Compl. ¶ 38; Def.'s Mot. to Dismiss at 3. Plaintiff contends that he was "denied a Physical Evaluation for Retention, Retirement, and Separation hearing." Pl.'s Opp'n to Def.'s Mot. to Dismiss (Pl.'s Opp'n) at 5. However, Plaintiff has not sought a correction of his records or disability retirement from the Air Force Board for Correction of Military Records. Donovan Decl. ¶ 2, Def.'s Mot. To Dismiss, Ex. A.

Plaintiff filed a claim for veterans' disability benefits for medical disabilities caused by his service in the Air Force during the Vietnam War. The Los Angeles Office of the Department of Veterans Affairs denied this claim, and Plaintiff's claim for veterans' disability benefits due to the alleged exposure from Agent Orange is now pending review at the Board of Veterans Appeals. Compl. ¶¶ 32-34; Def.'s Mot. to Dismiss at 3; Pl.'s Opp'n at 25.

On August 23, 2006, Plaintiff filed a complaint in this Court against the "Secretary of Veterans Affairs, Department of the Army," and did not name the United States as a defendant.

## Discussion

Defendant moves to dismiss this action for lack of subject matter jurisdiction under RCFC 12(b)(1) and for failure to state a claim upon which relief may be granted under RCFC 12(b)(6).

When deciding a motion to dismiss under RCFC 12(b)(1) the Court assumes all factual allegations to be true and construes "all reasonable inferences in plaintiff's favor." Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). Plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

When deciding a motion to dismiss under RCFC 12(b)(6) the Court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff." Holland v. United States, 59 Fed. Cl. 735, 738 (2004). "Dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the facts as alleged in the complaint do not entitle the plaintiff to a legal remedy." Id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

[4] The Uniform Code of Military Justice, 10 U.S.C. §§ 801-946 (2000), was enacted to provide a consistent system of military justice throughout the various armed services. The UCMJ provides the legal framework for the operations of the United States military, authorizes the imposition of criminal and administrative sanctions against military personnel, and provides military personnel with procedural safeguards.

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”).

**Jurisdiction**

The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to the Court of Federal Claims over “any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.” 28 U.S.C. § 1491(a)(1) (2000). “The Tucker Act itself does not create a substantive cause of action.” Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Rather, a “plaintiff must identify a separate source of substantive law that creates the right to money damages.” Id. The source of law must be money-mandating. Id. If the particular source identified is not money-mandating, the Court must dismiss the claim for lack of subject-matter jurisdiction. Adair v. United States, No. 2006-5077 (July 30, 2007).

**Veterans Disability Benefits**

Plaintiff is seeking veterans’ disability benefits as a result of medical disabilities he suffered due to his exposure to Agent Orange while serving in the Air Force during the Vietnam War. Compl. ¶¶ 32-34, 49-50. On July 5, 2004, Plaintiff filed an application for veterans’ disability benefits with the Los Angeles Regional Office of the Department of Veterans Affairs claiming that his diabetes, myeldysplastic syndrome, and blindness were caused by his exposure to Agent Orange. Compl. ¶¶ 49-50; Def.’s Mot. to Dismiss at 3. The Los Angeles Regional Office denied this claim in June 2006. Compl. ¶¶ 39, 49-50; Def.’s Mot. to Dismiss at 3. Plaintiff’s petition for review of the Regional Office’s denial is currently pending at the Board of Veterans Affairs. Def.’s Motion to Dismiss at 3; Pl.’s Opp’n at 25.

Veterans health and disability benefits are administered by the Department of Veterans Affairs (VA). 38 U.S.C. § 1710 (2000). To begin the claims process, a servicemember must file a veterans’ disability benefits application with the Secretary of the VA. 38 U.S.C. § 5101(a) (2000). The claim will then be decided by the cognizant VA regional office. 38 U.S.C. § 511 (2000). The decision made by the VA regional office is “subject to one review on appeal to the Secretary.” 38 U.S.C. § 7104(a) (2000). “Final decisions on such appeals shall be made by the Board [of Veteran’s Appeal.]” Id. If the claimant believes that a Board of Veteran’s Appeal decision is in error, the claimant may then appeal the decision to the Court of Appeals for Veterans Claims. 38 U.S.C. §7252(a) (2000). See Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1992); Van Allen v. United States, 66 Fed. Cl. 294, 295-96 (2005). Any party may obtain review of the decision of the Court of Appeals for Veterans Claims by filing an appeal directly with the Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such matters. 38 U.S.C. § 7292(a), (c) (2000). Because the controlling statutes specify the fora where Plaintiff may seek redress for the denial of his veterans’ disability benefits and this Court is not among them, this Court lacks jurisdiction over Plaintiff’s claims for veterans’ disability benefits.

**Military Disability Retirement Status and Pay**

Plaintiff also seeks disability retirement pay and special disability compensation. Compl. ¶¶ 35-38. The complaint states:

> 7. SPECIAL COMPENSATION
> Under 10 U.S.C. Section 1413(a) Petitioner would qualify for twenty-five (25) years of service if Petitioner were not too sick to stay in the military, as well as, qualify for a disability that is compensable under the laws of the Secretary of Veterans Affairs and while engaged in hazardous service when Petitioner was injured from his exposure to Agent Orange and Agent Blue. As such, Petitioner should be able to request Special Compensation under 10 U.S.C. S. Section 1413(a).
>
> 8. MILITARY PAY
> This case is being requested under (1) A statutory and regulatory challenge to a service member's separation and (2) A claim for military retirement benefits.
>
> Petitioner's authority to provide relief in this matter is governed by the terms of the back Pay Act, 5 U.S.C. § 5596 (1976). The Act provides, that on correction of an erroneous personnel action an employee of an executive agency of the federal government is entitled to receive: "an amount equal to all or any part of the pay, allowances or differentials, that the employee normally would have earned", Polos v. United States, 231 Ct. Cl. 929.
>
> 9. ENLISTED PERSONNEL CLAIM
> The challenged adverse personnel action was grounded in either a statutory or regulatory violation; therefore, this case satisfies Brigante v. United States, 35 Fed. Cl. 526, 529 (1996).
>
> 10. RETIREMENT BENEFITS AND OR SEVERANCE PAY
> Petitioner was injured by Agent Orange exposure while on active duty. Petitioner never received a medical release from his doctor prior to discharge. Since Petitioner was injured while on active duty the Court of Federal Claims possess [sic] jurisdiction to entertain the Secretary's decision not to appoint Petitioner to a disability list, 10 U.S.C. 1201-21 (1992), Sawyer v. United States, 930 F.2d 1577.

Compl. ¶¶ 35-38.

10 U.S.C. § 1201 governs a servicemember's disability pay and retirement, stating in pertinent part:

> Upon a determination by the Secretary concerned that a member . . . is unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay. . ., the Secretary may retire the member, with retired [disability] pay . . . .

10 U.S.C. § 1201(a) (2000). The Secretary may make these fitness and disability retirement determinations through a Board. The applicable statute provides:

> The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. . . . [S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department. . . .

10 U.S.C. § 1552(a)(1). As the Court explained in Friedman v. United States, 310 F.2d 381, 389 (Ct. Cl. 1962), in the context of section 1201, "Congress has entrusted the military boards with the task of determining whether a serviceman should be retired for disability and therefore . . . no cause of action arises (and the statute of limitations does not run) until a proper board has acted or declined to act." See also Chambers v. United States, 417 F.3d 1218, 1225 (Fed. Cir. 2005) ("[T]he Court of Federal Claims has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance.").[5]

Here, Plaintiff has not suggested that he requested disability retirement pay or benefits from the AFBCMR or that the AFBCMR denied or refused to consider his claim.[6] As such, this Court does not have jurisdiction over Plaintiff's disability retirement claim.

**Violations of the Uniform Code of Military Justice**

Plaintiff purports to seek compensation for alleged violations of the Uniform Code of Military Justice, but his claims are indecipherable. Plaintiff's complaint states in pertinent part:

---

[5] Plaintiff did not request disability pay upon his retirement from active military service in 1983.

[6] According to Defendant, Plaintiff has never sought such a disability retirement or correction of his records from the AFBCMR. Donovan Decl. ¶ 2, Def.'s Mot. To Dismiss, Ex. A.

> 11. JURISDICTION FOR ADVERSE ACTIONS UNDER THE UCMJ
>
> Under Burns v. Wilson, 346 U.S. 137 (1953), since Petitioner has exhausted all of his administrative remedies, and the VA denied Petitioner's case in June 2006, the Court of Federal Claims may entertain collateral attack for adverse actions taken under the Uniform Code of Military Justice.
>
> . . . .
>
> 17. VIOLATIONS WHICH TOOK PLACE WHILE ON ACTIVE DUTY
>
> The **'sham' non-judicial/administrative proceeding** by the VA in this case denied Petitioner, SMSGT Janaskie, military Due Process recourses of action.
>
> This 'sham' non-judicial/administrative proceeding isolated itself from regulation, military and procedural laws, that are part and parcel of serving in the Military. SMSGT Janaskie was in various parts of Midway Island, Osaka, Japan, Bangkok, Thailand, and Udorn, Thailand, all areas that have demonstratable histories of Agent Orange use.
>
> SMSGT Janaskie's 'sham' non-judicial/Administrative hearing violated multiple military regulations, at the same time, violating the spirit of the UCMJ, which is engrained [sic] and indoctrinated in every soldier.

Compl. ¶¶ 36-37, 39, 46-48 (emphasis in original).

Plaintiff does not indicate what sham administrative proceeding was conducted, when or where it was held, or how it violated his due process rights. Such vague, cryptic allegations do not articulate a claim for which relief can be granted. As such, this claim is dismissed pursuant to RCFC 12(b)(6).

**Breach of Contract: Government as Guarantor**

Plaintiff also seeks to recover against the government as a guarantor of Plaintiff's federal retirement benefits. Plaintiff alleges:

> Petitioner was disabled and discharged prior to 20 years of service and this effects [sic] Petitioner's ability to qualify for Federal Retirement, prior to age 65, from the Federal Government, whom is

> a guarantor of Petitioner's benefits for Federal Retirement.

Compl. ¶ 41.

Plaintiff has cited no statute which purports to make the government a guarantor of his retirement benefits and his claim appears to sound in contract. However, "[t]he law is well settled that, 'public employment does not . . . give rise to a contractual relationship in the conventional sense.'" Shaw v. United States, 640 F.2d 1254, 1260 (Ct. Cl.1981) (quoting Urbina v. United States, 428 F.2d 1280, 1284 (Ct. Cl. 1970). Specifically, "common-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right." Bell v. United States, 366 U.S. 393, 401 (1961). As this Court recently recognized in Doe v. United States, 74 Fed. Cl. 592, 596 (2007):

> Federal employees . . . serve by appointment, not contract, and their rights to compensation are a matter of 'legal status.' Schism v. United States, 316 F.3d 1259, 1275 (Fed. Cir. 2002). '[A]bsent specific legislation, federal employees derive the benefits and emoluments of their position from appointment rather than from any contractual or quasi-contractual relationship with the government.' Todd v. United States, 386 F.3d 1091,1094 (Fed. Cir. 2004) (quoting Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985)); see also Hamlet v. United States, 63 F.3d 1097, 1101-02 (Fed. Cir. 1995); Zhengxing v. United States, 71 Fed. Cl. 732, 739 (2005), aff'd, No.06-5098, 2006 U.S. App. LEXIS 27891 (Fed. Cir. Nov. 8, 2006).

74 Fed. Cl. 592, 596. Because a contractual relationship does not exist between a servicemember and the government with respect to retirement benefits, Plaintiff's complaint fails to state a claim for breach of contract.

**Due Process**

Plaintiff contends that the denial of benefits by the Los Angeles Regional Office of the VA is a violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Compl. ¶ 42.

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon the United States Court of Federal Claims over cases in which a plaintiff has a claim against the United States for money damages. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages," i.e., a source which is "money-mandating.").

It is well established that a violation of the due process clause of the Constitution does not obligate the United States to pay money damages. Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988). See also LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[The]

complaint included counts alleging violation of . . . [the] Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers. None of these [were] a sufficient basis for jurisdiction [at the Court of Federal Claims] because they [did] not mandate payment of money by the government."). Accordingly, this Court lacks jurisdiction over Plaintiff's due process claim.

**Fifth Amendment Taking Claim**

Plaintiff alleges that the government has effected an uncompensated taking of his retirement and disability benefits in violation of the Fifth Amendment. Compl. ¶ 42. The Fifth Amendment to the United States Constitution states:

> No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. Plaintiff contends that the initial decision to deny Plaintiff's benefits by the VA regional office - - now being appealed to the Board of Veterans Affairs - - constitutes a taking. Compl. ¶ 42. Plaintiff further claims he was improperly discharged from the Air Force prior to 20 years of service and that this caused a reduction in his retirement benefits which itself constitutes a taking.[7] Compl. ¶ 31. However, Plaintiff's retirement benefits are not property interests for purposes of the Takings Clause. Schism v. United States, 316 F.3d 1259, 1268 (Fed. Cir. 2002); Adams v. United States, 391 F.3d 1212, 1225 (Fed. Cir. 2004). As the Federal Circuit explained: "a statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings Clause." Adams, 391 F.3d at 1225. Because Plaintiff has failed to allege a cognizable property interest, he has failed to state a claim for taking. Beres v. United States, 64 Fed. Cl. 403, 408 (2005).

**Federal Tort Claims Act**

Plaintiff alleges a tort claim against the United States for Agent Orange exposure under 28 U.S.C. § 2671 (2000), the Federal Tort Claims Act. Compl. ¶ 43. However, this Court does not have jurisdiction to hear claims sounding in tort. 28 U.S.C. § 1491(a)(1) (2000); see Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("tort cases are outside the jurisdiction of the Court of Federal Claims today."); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks-and its predecessor the United States Claims Court lacked-jurisdiction to entertain tort claims.").

[7] Plaintiff receives a 50% pension after 20 years of service. Compl. ¶ 1; Def.'s Mot. to Dismiss at 2; Def.'s Reply at 1.

**Responsible Advocacy**

The Court is constrained to note that once again counsel for Plaintiff has filed a complaint in this Court which, to borrow Judge Miller's characterization, is "deficient in almost every respect." Locke v. United States, No. 06-629T, slip op. at 1 (Fed. Cl. July 10, 2007). In Locke, Judge Miller took Plaintiff's counsel to task for filing papers containing egregious errors, stating:

> As an initial matter, the court is compelled to point out that the pleading and brief filed by plaintiffs' counsel were deficient in almost every respect. Some egregious errors include incorrect case citations; case names without any citations; statutes that have either been repealed or never existed; unclear and confusing facts purporting to support plaintiffs' claims; and arguments based entirely on conjecture.

Locke, No. 06-629T, slip op. at 1.

Similarly, counsel's filings in this matter were rambling, rife with errors, and purported to allege claims either patently beyond this Court's jurisdiction, or wholly without legal basis.[8]

In Leshin v. United States, Judge Horn related a litany of errors in the complaint and summarily dismissed the action, stating:

> [T]he caption of the complaint was incorrect; the cited basis for the jurisdiction in this court was in part incorrect and otherwise unclear; the complaint contains case names without citations; the facts underlying the claim are unclear and confusing; the complaint states that tax levies were made against people referred to only by first names, not listed as plaintiffs, and not otherwise identified; the tax years at issue are unclear; the amount of and dates of the tax levy are unclear; and pertinent procedural history, including United States Tax Court activity, is omitted. Absent also is information that the taxes have been paid as required for jurisdiction in this court.
>
> The deficiencies in the instant complaint are too overwhelming for the complaint to stand.

No. 06-637T, slip op. at 1 (Fed. Cl. January 11, 2006)

---

[8] It is obvious, upon even cursory legal research, that tort and due process claims cannot be brought in this Court. Plaintiff's UCMJ claim is unfathomable and wholly lacking a factual predicate.

Yet again, in Cherbanaeff v. United States, No. 06-640T, slip op. at 34 (Fed. Cl. July 12, 2007), another judge of this Court, Judge Firestone, expressed that Plaintiff's counsel was "burdening" the court with its defective filings, stating:

> It has come to the court's attention that counsel for the plaintiffs has filed similar cases in this court which have also been dismissed for lack of jurisdiction or for failure to state a claim. . . .Counsel would be wise to follow the admonition of Judge Miller in Locke, No. 06-629, slip op. at 15, not to file and burden the court with complaints containing the same jurisdictional defects.

Finally, a fourth complaint, containing numerous errors and jurisdictional deficiencies was dismissed for lack of jurisdiction and failure to state a claim by this Court this date. Pope v. United States, No. 06-446C (July 31, 2007). Pope, an action brought by an injured servicemember raised claims either obviously outside this Court's jurisdiction or wholly without an articulated factual predicate.[9]

The continuing and cumulative deficiencies in filings by a member of this Court's bar have prompted this Court to invoke a procedure permitted by this Court's rules to notify the Chief Judge of this pattern of deficient filings so that he might determine whether formal action by the Court is appropriate.

**Rule 83.2 Referrals**

RCFC 83.2 provides in pertinent part:

> Acts or omissions by an attorney admitted to practice before the court, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility adopted by the court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship. . . .
>
> . . . .

---

[9] Just as in the instant action, the Pope complaint contained due process and taking claims that were clearly outside this Court's jurisdiction and an indecipherable claim under the UCMJ. In addition, the Pope complaint named the wrong defendant and contained a bizarre claim for special combat-related pay, claiming this country was at war in October of 1999, and Plaintiff was entitled to combat pay while driving a government vehicle and working as a National Guard recruiter in California -- duty counsel characterized as hazardous. Pope v. United States, No. 06-446C (July 31, 2007).

> When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before the court shall come to the attention of a judge . . . the judge . . . shall refer the matter to the chief judge for determination whether the matter should be referred to a disciplinary judge for a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.

RCFC 83.2(c)(1)-(2); (d)(1). Thus, under this rule a judge is required to refer a matter to the chief judge where conduct which may constitute misconduct comes to the judge's attention. Misconduct is defined by Rule 83.2(c)(2) as: "Acts or omissions by an attorney admitted to practice before the court, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility adopted by the court. . . ." "The Code of Professional Responsibility adopted by the court is the American Bar Association Model Rules of Professional Conduct . . . ." RCFC 83.2(c)(2).

This Court, like the Court in Locke v. United States, No. 06-629T (Fed. Cl. July 10, 2007), perceives that some of this counsel's arguments and allegations "walk on the razor's edge of frivolity." Locke, slip op. at 1. However, this Court does not reach the issue of the frivolity of Plaintiff's arguments and allegations here as Defendant has not filed motion for sanctions and counsel for Plaintiff has had no opportunity to address this issue. Instead, this Court by the Rule 83.2 referral brings all five cases to the attention of the Chief Judge of this Court, so that he may consider whether any action is appropriate.

In taking this action the Court is cognizant of the Code of Conduct for United States Judges. This Code applies to United States Circuit Judges, District Judges, Court of International Trade Judges, Court of Federal Claims Judges, Bankruptcy Judges, and Magistrate Judges. Code of Conduct for United States Judges (1999). Canon 3(B)3 of the Code of Conduct states that "A judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or a lawyer." Id.

## Conclusion

1. Defendant's motion to dismiss is **GRANTED**.

2. The Clerk is directed to dismiss this action with prejudice.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**